351 So.2d 1199 (1977)
Jean Orr HEBERT
v.
John Allen HEBERT.
No. 59889.
Supreme Court of Louisiana.
November 14, 1977.
Emile L. Turner, Jr., The Law Office of Emile L. Turner, Jr., New Orleans, for plaintiff-applicant.
Roy S. Lilley, Lea, Lilley & Brainis, Metairie, for defendant-respondent.
DENNIS, Justice.
This is a simple case involving a single issue.
*1200 The issue on appeal is whether the amendment of a child support judgment, which originally condemned the father to pay "the sum of $65.00 per week," altered the substance of the judgment by ordering the father to pay "the sum of $65.00 per week, of which $50.00 is to be paid in cash and $15.00 per week is to be paid for the payment of the mortgage on the home owned by the parties for which defendant [the father] will receive credit as a payment on community property * * *."
The legal rule is that a final judgment may be amended to change the phraseology, or to correct errors of calculation, but not to change the substance of the judgment. La. C.C.P. art. 1951.
It is not disputed that the judgment amended was a final judgment. The court of appeal held that only the phraseology of the judgment had been changed because the amendment merely expressed the trial judge's actual intention as evidenced by his oral remarks at the conclusion of the child support hearing:
"You can either pay her fifty dollars a week plus one half of the house note which is another seventy one a monthI fix child support in the amount of sixty five dollars a week, which involves half of the house note plus fifty dollars a week for each [sic] child."
The issue is well defined. Which constitutes the "substance" of the judgment that may not be altered by amendment, the written judgment or the oral remarks of the judge in open court? The portion of the amendment declaring that the father shall receive credit as a payment on community property for part of the child support award does not appear in either the written judgment or the judge's oral remarks and is therefore clearly a substantive alteration. Furthermore, we think that the legislature intended to prohibit alterations in the substance of the written judgment after it has been signed by the judge and not alterations in the judge's oral statements from the bench. Otherwise, inadvertent but substantive misstatements once uttered by the trial judge could not be changed except for their phraseology or for corrections of errors in calculation. This result would be unreasonable. It is much more likely that the lawmakers considered the written judgment to be the final judgment which is unalterable in substance.[*] A judgment of this nature is usually prepared with care, and the trial judge may require that both parties or their counsel approve its form before signing. A written judgment may be revised before it is signed thus eliminating many possibilities of error or misunderstanding. In the event a substantive error nevertheless creeps into the written judgment the aggrieved party has recourse to a timely application for new trial or a timely appeal. Moreover, the notion that the substance of the judge's oral remarks should govern instead of the substance of the written judgment could not have been the legislative intent because it would destroy the integrity of written judgments as evidence and public record of the court's decree. For these reasons we conclude that the amendment of the original judgment of July 21, 1975 constituted a substantive alteration in contravention of La.Code of Civil Procedure Article 1951.
Accordingly, the judgments of the court of appeal and the trial court are reversed and the original judgment of July 21, 1975 is reinstated at the cost of the appellee.
NOTES
[*] Cf. McGee v. McGee, 157 So.2d 312 (La.App. 4th Cir. 1963).