529 So.2d 104 (1988)
Donald G. DAUGHDRILL
v.
TENNECO OIL and the Travelers Insurance Co.
No. 88-CA-0240.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Alan G. Bouterie, J. Van Robichaux, Jr., Chalmette, for plaintiff.
Poindexter & Bowers, Dale W. Poindexter, New Orleans, for defendants.
Before GULOTTA, C.J., and GARRISON and PLOTKIN, JJ.
GULOTTA, Chief Judge.
In this worker's compensation case, defendants appeal from the trial judge's ex parte amendment of his written judgment disposing of several dilatory and peremptory exceptions. Because we conclude the trial judge had no authority to change the substance of his earlier ruling without a timely filed motion for a new trial, we reverse and set aside the amended judgment and reinstate the original judgment.
Plaintiff filed a petition for worker's compensation against Tenneco Oil Company and the Travelers Insurance Company. Defendants filed exceptions of prematurity and vagueness on the grounds that compensation benefits were being paid at the time of suit and that the petition was ambiguous and failed to meet the requirements of the compensation act. Subsequently, plaintiff filed a supplemental and amending petition that included a tort claim for intentional and/or grossly negligent infliction of mental distress. Defendants thereafter filed exceptions of no cause of action, no right of action, prematurity, unauthorized use of summary proceeding, vagueness, and improper cumulation of actions.
On October 22, 1987, a hearing was held on the exceptions. Defendants presented evidence that plaintiff was receiving worker's compensation benefits and medical treatment at the time of the hearing.
In oral reasons the trial judge maintained defendant's exception of improper cumulation of actions (insofar as plaintiff's claim *105 in his supplemental and amending petition for "psychiatric injury for a wrong done by the compensation carrier") and also maintained the exception of prematurity. Although the trial judge dismissed defendant's worker's compensation suit (without mentioning whether the dismissal was with or without prejudice), he stated that all of plaintiff's future rights relating to the compensation act would be reserved for a period of one year from the date of last payment. The trial judge further dismissed defendant's exception of vagueness and ambiguity, but did not expressly rule on defendant's exception of unauthorized use of a summary proceeding.
In the original written judgment of October 22, 1987, in accordance with his oral reasons, the trial judge maintained defendant's exception of improper cumulation of actions and dismissed the exception of vagueness and ambiguity. The trial judge further maintained the exception of prematurity, but dismissed plaintiff's suit "with prejudice" and "all at plaintiff's costs". By contrast, in his oral reasons, he had simply dismissed the suit as premature without addressing the issues of prejudice and costs. As indicated in the oral reasons, the written judgment further allowed plaintiff to pursue any and all rights for future worker's compensation "at a subsequent date within the applicable statute of limitations". The written judgment further dismissed defendant's exception of unauthorized use of summary proceeding, which had not been expressly ruled on in the oral reasons.
On plaintiff's motion, the trial judge signed an ex parte amended judgment on December 3, 1987. Consistent with the earlier oral reasons and original written judgment, the amended judgment dismissed defendant's exception of vagueness. The trial judge also dismissed the exception of unauthorized use of summary proceeding, as he had done in his earlier written judgment. Likewise, in accordance with his earlier rulings, the judge also maintained the exception of prematurity. Contrary to both the oral reasons and the original judgment, however, he dismissed the suit "without prejudice at defendant's cost", though he still reserved plaintiff's right to maintain any claim for worker's compensation "at a subsequent date within the applicable period". The amended judgment also dismissed defendant's exception of improper cumulation of actions, which had previously been maintained in the original judgment and oral reasons. The trial judge further dismissed defendant's exceptions of no right of action and no cause of action, even though his earlier oral reasons and original written judgment had not mentioned them.
It is from this December 3, 1987 amended judgment that defendants now appeal, seeking to have the original October 22, 1987 written judgment reinstated.
LSA-C.C.P. Art. 1951 provides that a final judgment may be amended by a trial judge at any time to alter phraseology or to correct errors of calculation. On the other hand, a final judgment is not subject to substantive amendment by the trial judge on his motion or on the motion of any party. To alter the substance of the judgment, the proper recourse is the timely application for new trial or a timely appeal. Villaume v. Villaume, 363 So.2d 448 (La. 1978); Hebert v. Hebert, 351 So.2d 1199 (La.1977).
In the instant case, we conclude the trial judge clearly altered the substance of the original written judgment by later amending the judgment to dismiss defendant's exception of improper cumulation of actions, which had been maintained in both the original judgment and in the oral reasons, and by further dismissing defendant's exceptions of no cause of action and no right of action, neither of which had been mentioned in either the oral reasons or the original written judgment. Furthermore, in the amended judgment the trial judge dismissed plaintiff's worker's compensation suit without prejudice, even though he had earlier dismissed it with prejudice in the original judgment and implicitly in his oral reasons. He also changed the judgment by assessing costs against defendants rather than against plaintiffs as in the original written judgment. These ex parte changes were made *106 after the time period for filing a motion for a new trial had expired.
Even assuming that plaintiff's motion to modify the judgment could have been considered as a motion for a new trial, plaintiff did not file the motion within the seven day period provided under LSA-C.C.P. Art. 1974.[1] Because plaintiff failed to file a timely motion for a new trial, his only remedy was by appeal from the original judgment. See Villaume v. Villaume, supra; Hebert v. Hebert, supra. Plaintiff has neither filed an appeal in the instant case nor answered defendants' appeal. Consequently, neither the trial judge nor this court has authority to change the substance of the original judgment.
Plaintiff has also raised the argument that the original written judgment of October 22, 1987 differed from the judge's oral reasons, and that the December 3, 1987 amended judgment accurately reflects the trial judge's true intentions. We reject this contention.
As previously noted, the original October 22, 1987 written judgment is more consistent with the judge's oral reasons than is the amended judgment. Although the original written judgment dismissed plaintiff's compensation action "with prejudice" and at plaintiff's cost (whereas in oral reasons the judge had simply "dismissed" the compensation claim without mentioning costs) in all other substantial respects the oral reasons and final written judgment are alike. On the other hand, as our earlier analysis indicates, the amended judgment differs substantially from both the oral reasons and original judgment in a number of respects.
Nevertheless, even assuming the oral reasons and amended judgment are consistent, Hebert v. Hebert, supra, controls our case. In Hebert, the Supreme Court held that a written judgment signed by the judge, rather than his oral pronouncement from the bench, is the "final judgment" within the meaning of LSA-C.C. P. Art. 1951 that cannot be changed in substance. The Hebert court noted that to give priority to the substance of the judge's oral remarks instead of his written judgment "... would destroy the integrity of written judgments as evidence and public record of the court's decree". The Hebert opinion further stated:
"In the event a substantive error nevertheless creeps into the written judgment the aggrieved party has recourse to a timely application for new trial or a timely appeal ..."
Thus, even assuming the amended judgment in the instant case rectified errors in the original written judgment and more accurately reflected the trial judge's intentions as expressed in his oral reasons, there is no legal basis for making substantive changes to the original written judgment absent a timely motion for new trial or a timely appeal.
Accordingly, because the trial judge had no authority to change the substance of its original written judgment under these circumstances, we reverse and set aside the amended December 3, 1987 judgment, and reinstate the original judgment signed on October 22, 1987.
AMENDED JUDGMENT REVERSED AND SET ASIDE; ORIGINAL JUDGMENT REINSTATED.
NOTES
[1] After the judgment was rendered in open court and signed on October 22, 1987, the seven day period (exclusive of legal holidays) to apply for a new trial began to run on October 23, 1987 and expired on November 2, 1987. Plaintiff filed his motion to modify the judgment on November 3, 1987.