577 So.2d 775 (1991)
GULFCO INVESTMENT GROUP, INC. d/b/a Gulfco Finance Company, Plaintiff-Appellee,
v.
Bennie JONES, et ux., Defendants-Appellants.
No. 22286-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*776 Martin S. Sanders, Jr., Winnfield, for defendants-appellants, Bennie Jones and Fannie Jones.
Michael I. Murphy, Natchitoches, for plaintiff-appellee, Gulfco.
Before SEXTON, LINDSAY and STEWART, JJ.
SEXTON, Judge.
The defendants, husband and wife Bennie and Fannie Jones, appeal the trial court judgment which allowed the amendment of a previous judgment rendered in this case. The original judgment had granted the plaintiff, Gulfco Investment Group, Inc., d/b/a Gulfco Finance Company (Gulfco), a default judgment against the defendants on a promissory note. This original judgment had failed to recognize a mortgage on certain described immovable property, which mortgage had been issued as security for the loan evidenced by the promissory note. The trial court, finding the omission of the mortgage to have been a clerical error, rendered judgment ordering the amendment of the original judgment to recognize the mortgage. We reverse the amended judgment and reinstate the original judgment.
On June 30, 1987, Gulfco filed a petition for executory process alleging it was the holder of a promissory note executed by the defendants. It further alleged that the defendants' indebtedness was secured by a mortgage on certain described immovable property. The petition claimed the defendants were indebted to the plaintiff in the sum of $17,879.71, together with interest and attorney fees. Gulfco prayed for the seizure and sale of the mortgaged property to satisfy the debt.
On September 28, 1987, the defendants filed a petition seeking to enjoin the seizure and sale of the mortgaged property citing irregularities and variances between the promissory note and the mortgage. The trial court granted the injunction, finding the variances prevented the use of executory process.
On January 11, 1988, by second[1] amending and supplemental petition, Gulfco had the proceeding converted from executory to ordinary process. A default judgment was thereafter rendered on March 16,1988, granting judgment for Gulfco against the defendants in the sum of $17,879.71, together with appropriate interest, attorney fees, and costs. This judgment made no mention of the mortgage.
On February 15, 1989, following several post-judgment maneuvers by both sides, to include an answer and reconventional demand by defendants, Gulfco filed a "motion to correct clerical error in judgment." This motion sought the amendment of the default judgment to reflect the mortgage which Gulfco's petition had sought to have recognized. On September 5, 1989, the trial court signed a judgment ordering the amendment of the March 16, 1988, judgment to reflect recognition of the mortgage. The defendants now seek review of this September 5, 1989, judgment.
LSA-C.C.P. Art. 1951 provides for the amendment of final judgments in the trial *777 court. The article allows an amendment at any time to: (1) alter the phraseology, but not the substance of the judgment; or (2) correct errors of calculation.
Pursuant to Art. 1951, a final judgment may be amended by the trial court where the amendment takes nothing from or adds nothing to the original judgment. However, as a general rule, a final judgment is not subject to substantive amendment on the motion of the trial judge or of any party. In such event, the proper recourse is a timely application for new trial or a timely appeal. Villaume v. Villaume, 363 So.2d 448 (La.1978); Brown v. Brown, 550 So.2d 815 (La.App. 2d Cir.1989); Edwin M. Jones Oil Company, Inc. v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985).
There can be no doubt that the original default judgment determined the merits rather than preliminary matters and was therefore a final judgment, rather than an interlocutory judgment. LSA-C.C.P. Art. 1841.
Since it was a final judgment, Gulfco's request for an amendment of the original default judgment is only appropriate if the amendment sought is not one of substance. LSA-C.C.P. Art. 1951. Gulfco points out that its original and amending petitions sought recognition of its mortgage on the described property and further that the trial court minutes on the confirmation of the default read "[j]udgment rendered as prayed for...." Gulfco therefore argues that the failure of the final written judgment to recognize the mortgage constituted merely a clerical error, that the mortgage was inadvertently omitted when the original judgment was reduced to writing, and that this error could be corrected by amendment pursuant to LSA-C.C.P. Art. 1951.
Contrary to Gulfco's assertions, Art. 1951 does not mandate the amendment of a final judgment to conform with the trial court's oral or written reasons for judgment where the amendment would make substantive changes to the original judgment. Villaume v. Villaume, supra; Hebert v. Hebert, 351 So.2d 1199 (La.1977). Indeed, the trial court's written judgment is controlling even though the trial judge may have intended otherwise. Hebert v. Hebert, supra; Shatoska v. Whiddon, 468 So.2d 1314 (La.App. 1st Cir.1985), writ denied, 472 So.2d 35 (La.1985); Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983). This rationale, that the trial court's signed judgment prevails over the reasons for judgment, pertains because,
[o]therwise, inadvertent but substantive misstatements once uttered by the trial judge could not be changed except for their phraseology or for corrections of errors in calculation. This result would be unreasonable. It is much more likely that the lawmakers considered the written judgment to be the final judgment which is unalterable in substance.
Hebert v. Hebert, supra at 1200.
While it may be argued that a harsh result might obtain in a case such as the instant one as a result of a clerical breakdown, the underlying purpose of the rule is to allow a signed final judgment to take precedence over substantive misstatements because a final judgment is usually prepared with care, may be revised before it is signed, and the aggrieved party has recourse to a timely application for a new trial or timely appeal. Hebert v. Hebert, supra. Therefore, the seminal issue in the instant appeal is whether the amendment of a money judgment to recognize a mortgage constitutes an alteration of substance to a final default judgment.[2]
In Wilson v. B.J.S. Builders, Inc., 303 So.2d 502 (La.App. 2d Cir.1974), this court held that the deletion of a recognition of a lien and privilege on immovable property from a default judgment constituted a substantive amendment and therefore was prohibited by LSA-C.C.P. Art. 1951. The converse situation, presented in the instant case, of the addition of the recognition of a lien and privilege to a default judgment must likewise be held to constitute a substantive amendment and is also prohibited by Art. 1951.
*778 With one exception, the cases cited by Gulfco in support of its position are distinguishable. Morris v. New Orleans Public Service, Inc., 446 So.2d 457 (La.App. 4th Cir.1984), writ denied, 447 So.2d 1077 (La. 1984), held that an amendment changing the assessment of costs was not an amendment of substance. Cosentino v. Cosentino, 521 So.2d 501 (La.App. 4th Cir.1988), involved additional clarifying reasons for judgment and as such was simply a clarification of the trial court's oral reasons rendered at the conclusion of trial and did not constitute an amendment of the final, signed judgment. Tastet v. Joyce, 531 So.2d 520 (La.App. 5th Cir.1988), simply allowed an amendment to cure an error of calculation which is specifically allowed by LSA-C.C.P. Art. 1951(2). LeBleu v. McGuire, 189 So.2d 319 (La.App. 3rd Cir. 1966), recognized plaintiff's mortgage, which had been omitted from the trial court judgment, upon plaintiff's timely appeal as contemplated by Villaume v. Villaume, supra, and Hebert v. Hebert, supra.
The only case cited by Gulfco which appears to assist its position is Alvis Hotel, Inc. v. Alvis Hotel of Monroe, Inc., 149 So.2d 199 (La.App. 2d Cir.1963), writ refused, 244 La. 149, 150 So.2d 769 (1963). In that case, the plaintiff had filed suit seeking judgment for past due unpaid rent and for the issuance of a writ of provisional seizure; the latter relief was omitted from the judgment, apparently inadvertently. The plaintiff sought and, after contradictory hearing, was granted an amendment of the judgment maintaining and enforcing the writ of provisional seizure.
The original judgment in Alvis Hotel was signed on March 9, and the amended judgment was signed on May 15. Initially, the court ventured the opinion that the issue was not properly before it because the appeal bond was directed to the judgment of March 9. However, unwilling to rely upon such a mere technicality, the court went on to express the opinion that the amendment was properly allowed because the reasons for judgment clearly expressed the opinion that the writ was properly issued and that the "failure to include a pronouncement maintaining and enforcing the writ was the result of an inadvertent error...." Alvis Hotel, Inc. v. Alvis Hotel of Monroe, Inc., supra at 204.
It should be noted that the details of the filing of the petition for amendment in Alvis Hotel are not stated, so we cannot tell whether it was within the delay for seeking a new trial or not. In any event, the language by that court indicating the amendment was properly allowed appears to be inconsistent with the later supreme court jurisprudence in Villaume v. Villaume, supra, and Hebert v. Hebert, supra. We conclude that the continuing validity of the Alvis Hotel language relied on by the plaintiff is questionable at best, and we believe that any Alvis Hotel pronouncement which is inconsistent with the instant result has been impliedly overruled.
In conclusion, the trial court's amendment to the original judgment, adding reference to the mortgage, constituted an alteration of substance of the original judgment. It was therefore impermissible under LSA-C.C.P. Art. 1951. The amended judgment of September 5, 1989, is therefore invalid and, accordingly, is hereby reversed. The original judgment of March 16, 1988, is reinstated at the cost of appellee.
SEPTEMBER 5, 1989 JUDGMENT REVERSED; MARCH 16, 1988 JUDGMENT REINSTATED.
NOTES
[1] An initial amending and supplemental petition filed in this case is not pertinent to the issues on appeal.
[2] We decline the invitation advanced by the parties to address the issue of any resultant effect on Gulfco's mortgage. The issue is not now before this court and any comment we might make would be obiter dictum.