643 So.2d 764 (1994)
Stephen Rudolph RODGERS, Plaintiff-Appellant,
v.
Sandra Marie Lemoine RODGERS, Defendant-Appellee.
No. 26093-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
Love, Rigby, Dehan & McDaniel by Truly W. McDaniel, Shreveport, for appellant.
Russell A. Woodard, Cynthia T. Woodard, Ruston, for appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
*765 SEXTON, Judge.
This suit is a custody dispute between the parents of a minor child in which the father was named domiciliary parent during the school year and the mother during summer vacation. We remand for further proceedings in accordance with this opinion.
Sandra and Stephen Rodgers were divorced on October 31, 1991, and were granted joint custody, pursuant to a consent decree, of the minor child, Nicole, born September 3, 1985. Sandra Rodgers was named domiciliary parent. On June 21, 1993, the father, Stephen Rodgers, filed a rule to modify custody upon learning that his ex-wife planned to move with the minor child to Virginia where she had allegedly received a better paying job. Sandra Rodgers filed a separate rule for modification of the custody decree and an increase in child support.
During the proceedings, the child was appointed an attorney, and the child and her parents were evaluated by a court-appointed child psychologist. Further, an in camera interview of the child was conducted by the trial court.
After a hearing on the rule to modify custody, the court, by judgment dated August 20, 1993, modified the original custody consent decree making Stephen Rodgers domiciliary parent of the child "during the 1993-1994 school year" and Sandra Rodgers domiciliary parent "during the 1994 summer vacation." The court ruled that review of this custody plan would occur after one year. By amended judgment, dated September 3, 1993, the trial court made Stephen Rodgers the domiciliary parent "during the school year." The court further designated Sandra Rodgers as domiciliary parent during "the summer vacation from school." No dates were mentioned, in contrast to the original judgment. Both parties were given visitation privileges during the times when the child was with the other parent. Once again, the court ordered that the matter be reviewed one year after the amended judgment.
Mrs. Rodgers appeals, arguing that the trial court erred in modifying the original custody plan. She asserts that there existed sufficient economic justification for the move and corresponding modification of the custody decree to allow the minor child to move to Virginia.
She next asserts that the trial court erred in interviewing the minor child without making a record of the proceedings. She alleges that the interview was conducted upon the court's own motion and without the request of counsel for either party.
Finally, she argues that the trial court erred in giving undue weight to the preference of the minor child.
Due to the procedural posture of this case, we find it unnecessary to reach the merits of appellant's arguments. We must first address the issue of the amended judgment.
The trial court may amend a final judgment on its own motion or the motion of any party to alter the phraseology, but not the substance of the judgment. LSA-C.C.P. Art. 1951. When an error of substance exists in a final judgment, that error may be corrected by way of a timely motion for new trial or by appeal. Labove v. Theriot, 597 So.2d 1007 (La.1992); Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Hebert, 351 So.2d 1199 (La.1977); Stevenson v. State Farm, 624 So.2d 28 (La.App. 2d Cir.1993). A third method of effecting a substantive change in a final judgment is by consent of the parties. Labove v. Theriot, supra; Villaume v. Villaume, supra.
In this case, a review of the trial court's actions proves helpful. The trial court rendered an oral opinion on August 20, 1993, in which the court orally ruled that the father was made domiciliary parent "during the school year." He further stated for the record on that date that "[t]he mother will have the child during the summer months." The minutes reflect this oral opinion. By written judgment following on August 20, 1993, the trial court made the father the domiciliary parent "during the 1993-1994 school year." That judgment further made the mother the domiciliary parent "during the summer vacation from school in 1994." By amended judgment dated September 3, 1993, the trial court ruled that the father shall be the domiciliary parent during the "school year" and the *766 mother shall be the domiciliary parent "during the summer vacation from school...."
We find the case of Hebert v. Hebert, supra, closely analogous to the present situation. In Hebert, the trial court rendered a final written judgment ordering the father of a minor child to pay "the sum of $65.00 per week" as child support. By amended written judgment, the trial court ordered the father to pay "the sum of $65.00 per week, of which $50.00 is to be paid in cash and $15.00 per week is to be paid for the payment of the mortgage on the home owned by the parties for which defendant [the father] will receive credit as a payment on community property...." The court of appeal held that the amended judgment was a change in the phraseology of the judgment because it expressed the trial judge's actual intention as evidenced by his oral remarks at the hearing which indicated that the $65.00 per week involved half of the house note plus $50.00 dollars a week for each child. The Louisiana Supreme Court disagreed and held that the amendment was a substantive change in the final judgment. Further, the court noted that "the notion that the substance of the judge's oral remarks should govern instead of the substance of the written judgment could not have been the legislative intent because it would destroy the integrity of written judgments as evidence and public record of the court's decree." The court reinstated the original written judgment.
We first note that, as in Hebert, any argument that the trial judge attempted by way of the amended judgment to demonstrate his actual intent and thereby alter only the phraseology of the original judgment in keeping with his oral statements is invalid. Hebert v. Hebert, supra. When the oral reasons or minutes conflict with the written judgment, the latter governs. J.L. Philips & Co., Inc. v. Barber, 150 La. 907, 91 So. 293 (1922); Marino v. Marino, 576 So.2d 1196 (La.App. 5th Cir.1991); Selfe v. Travis, 29 So.2d 786 (La.App. 2d Cir.1947). Additionally, the jurisprudence clearly holds that the trial judge may, within his authority, render a judgment which differs substantially from his prior oral statement. The oral reasons form no part of the judgment. Marino v. Marino, supra; Sanford v. Sanford, 468 So.2d 844 (La.App. 1st Cir.1985); Margan v. Precision Motors, Inc., 317 So.2d 664 (La. App. 4th Cir.1975), appeal after remand, 360 So.2d 621 (La.App. 4th Cir.1978). Consequently, the minutes and oral opinion of the trial court are of no moment in our analysis.
Thus, our next inquiry must be whether or not the amended judgment created a substantive change in the original judgment. We find that to be the case, in violation of the provisions of LSA-C.C.P. Art. 1951. Clearly, the language of the amended judgment expanded the original visitation award and affected the rights of the parties. Stevenson v. State Farm, supra. The parties failed to question the original judgment by way of motion for new trial or appeal, and there exists no evidence in the record that the parties consented to the substantive amendment. The second judgment containing substantive amendments to the original judgment is an absolute nullity. Labove v. Theriot, supra; Webster v. Boh Brothers Construction Co., Inc., 603 So.2d 761 (La. App. 4th Cir.1992); Coomes v. Allstate Insurance Co., 517 So.2d 436 (La.App. 1st Cir. 1987); Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir.1984); Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982), writ denied, 420 So.2d 981 (La.1982). The usual remedy of the appellate court is to vacate the amended judgment and reinstate the original judgment. Davenport v. Amax Nickel, Inc., 569 So.2d 23 (La.App. 4th Cir.1990), writ denied, 572 So.2d 68 (La.1991); Teague v. Barnes, 519 So.2d 817 (La.App. 5th Cir.1988); Schexnayder v. Schexnayder 503 So.2d 104 (La.App. 5th Cir.1987), writ denied, 506 So.2d 1228 (La.1987).
When the parties fail to raise the issue of absolute nullity of a judgment either by new trial or on appeal, it is proper for the appellate court to vacate the absolutely null judgment and reinstate the original judgment due to the appellate court's power "to render any judgment which is just, legal and proper upon the record on appeal." LSA-C.C.P. Art. 2164; Davenport v. Amax Nickel, Inc., supra. See also Stevenson v. State *767 Farm, supra. Therefore, we reinstate the original judgment.
Unlike Hebert, however, the judgment in this case specifically ordered the custody arrangement for a one-year period with review of the matter to take place after that time. Because the judgment was dated August 20, 1993, that one-year period has lapsed causing the judgment to no longer have any effect, rendering the present appeal moot. Accordingly, we remand this matter to the trial court for a hearing in accordance with the original judgment.
We remind the district court that if upon remand the court determines to privately interview the child, the procedures of Watermeier v. Watermeier, 462 So.2d 1272 (La. App. 5th Cir.1985), writ denied, 464 So.2d 301 (La.1985), should be followed unless there is no objection. C.C. Art. 134(9) comment (g). We also remind the district court that the presumption of joint custody is no longer obviated by one of the party's moving out of state. The distance between the parties is one of the factors to consider in the best interest evaluation. C.C. Art. 134(11). See also comment (h) thereto. Presumably, the former jurisprudence holding a domiciliary parent planning to move must show a good reason for the move and that the move is in the child's best interest is still valid, if a move is challenged. Schelldorf v. Schelldorf, 568 So.2d 168 (La.App. 2d Cir.1990); Stewart v. Stewart, 525 So.2d 218 (La.App. 1st Cir. 1988).
Certainly, stability of environment will be a valid factor in a best interest evaluation on remand; however, the lower court should not limit itself to consideration of the past year, which was intended as a trial period. Rather, any determination should include the child's earlier experiences as disclosed by the previous evidence.
Costs of this appeal are assessed equally to the parties.
RENDERED AND REMANDED.