666 So.2d 1260 (1996)
Robert Douglas MAGILL, Appellee,
v.
STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Appellant.
No. 27,802-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1261 Paul E. Schexnayder, Baton Rouge, for appellant.
Michael H. Wainwright, Shreveport, for appellee.
Before HIGHTOWER and GASKINS, JJ., and CLARK, J., Pro Tempore.
GASKINS, Judge.
The Department of Public Safety and Corrections appeals from an amended judgment directing the Department to issue a commercial driver's license to the plaintiff, Robert D. Magill, following his payment of required fees and compliance with all legal criteria. Because the trial court rendered the amended judgment after the expiration of new trial delays and because the amended judgment alters the substance of the original judgment, we vacate the amended judgment rendered on February 22, 1995. Accordingly, we reinstate the original judgment rendered January 13, 1995.

FACTS
Robert Douglas Magill, 42, suffers from a neurological disorder known as petit mal epilepsy, a mild form of epilepsy marked by transient lapses of consciousness. Dr. Johnny Mark Wilson and Mr. Magill testified at trial that Mr. Magill suffered approximately one mild petit mal seizure a year. Mr. Magill's seizures lasted three to five minutes and were marked by an inability to respond to vocal direction. Mr. Magill testified that during a seizure he did not lose consciousness, remained aware of his environment, and could remember any activity that transpired during the seizure. Dr. Wilson and Mr. Magill also testified that an aura (a tingling sensation or a numbness) generally preceded the onset of a seizure by 15 minutes to 20 minutes.
On October 8, 1994, Mr. Magill, a salvage yard owner and tow truck operator, was driving his truck on Highway 80 beside Louisiana Downs when he experienced an aura. Mr. Magill pulled the truck onto the shoulder, turned the ignition off, turned his emergency flashers on, and waited for the seizure to pass. The seizure struck about three minutes later. During the seizure, a Bossier *1262 Parish Police Officer stopped to investigate the parked truck. When Mr. Magill failed to respond to the officer's questions, the officer pulled him from the truck. (In the course of Mr. Magill being removed from his vehicle, the truck was inadvertently knocked into neutral gear and rolled into a fence; a wrecker had to be called to pull the truck out of the fence.) After Mr. Magill recovered from the seizure and the officer determined he was not intoxicated or otherwise impaired, the officer left the scene without issuing a citation. However, the officer filed an accident report which was sent to the Department of Public Safety and Corrections.
Subsequently, the Department suspended Mr. Magill's license pursuant to LSA-R.S. 32:414(E)(5) and (8) which grants the Department the power to conduct an investigation for the purpose of determining if a license should be suspended for incompetency or other medical reasons. Following the suspension of his license, Mr. Magill filed suit in the district court seeking restoration of his license.
Plaintiff's petition, the evidence at trial, and the argument of counsel centered on the return of the suspended license. The petition was entitled "Petition To Restore Driver's License" and the prayer for relief stated:
WHEREFORE, plaintiff, ROBERT DOUGLAS MAGILL, prays that this petition be served upon defendant, and that a contradictory hearing be set upon ten days' written notice to defendant, to determine whether his driver's license should be restored. [Emphasis added.]
The record is devoid of evidence as to what type of license (commercial driver's license, chauffeur's license, or personal vehicle driver's license) Mr. Magill possessed at the time of his suspension.
Following a bench trial, the trial court rendered judgment on January 13, 1994, directing the Department to restore Mr. Magill's license. The judgment also indicated the Department was required to issue Mr. Magill an "operator's license" upon his presentation of a certified copy of the judgment and his payment of the appropriate fees.[1] Neither party moved for a new trial or an appeal.
On February 22, 1995, the trial court signed a second judgment ordering the Department to issue a "commercial vehicle operator's license" to Mr. Magill upon his presentation of a certified copy of the judgment, payment of the appropriate fees and "compliance with all remaining criteria." Although styled "Judgment," this second judgment is an amendment to the January 13, 1995 judgment. The amended judgment also contained a finding by the trial court that Mr. Magill had "established by uncontradicted medical evidence that his medical condition is unlikely to cause loss of consciousness or any loss of ability to control a motor vehicle...."; no such finding was contained in the first judgment.
The Department appealed the second judgment asserting that it was a substantive amendment prohibited by LSA-C.C.P. Art. 1951. However, Mr. Magill argues the second judgment simply clarifies the original judgment in that the trial court made a factual finding that Mr. Magill's epilepsy should not disqualify him from receiving any type of driver's license to which he is otherwise qualified to receive.

LAW
LSA-C.C.P. Art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
A judgment may be amended by the trial court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). To alter the substance of a judgment, the proper recourse is a timely application *1263 for a new trial or a timely appeal. Hebert v. Hebert, 351 So.2d 1199 (La.1977).
LSA-C.C.P. Art. 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention. See Hebert, supra. Nor does LSA-C.C.P. Art. 1951 mandate the amendment of a final judgment to conform with the trial court's oral or written reasons for judgment where the amendment would make substantive changes to the original judgment. Villaume, supra; Hebert, supra; Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775 (La. App.2d Cir.1991).
Any argument that the trial judge attempted by way of the amended judgment to demonstrate his actual intent and thereby alter only the phraseology of the original judgment in keeping with his oral statements is invalid. Hebert, supra; Rodgers v. Rodgers, 26093 (La.App. 2 Cir. 9/21/94), 643 So.2d 764.
The second judgment containing substantive amendments to the original judgment is an absolute nullity. The usual remedy of the appellate court is to vacate the amended judgment and reinstate the original judgment. Rodgers, supra.

DISCUSSION
Initially, we note that the Driver's License Law provides for three general types of licenses: "Commercial Driver's License" (Classes "A" "B" and "C"), "Chauffeur's License" (Class "D") and the "Personal Vehicle Driver's License" (Class "E"). LSA-R.S. 32:408(B)(1). A "commercial driver's license" is defined in LSA-R.S. 32:401(4) as a "driver's license to operate a commercial motor vehicle." To obtain such a license, a person is required to pass knowledge and skills tests for commercial motor vehicles. LSA-R.S. 32:408(A). In his petition, Mr. Magill sought restoration of his license without ever specifying which type of license he had prior to his suspension. No mention was ever made of a "commercial driver's license" in his petition or at trial.
There can be no doubt that the original judgment, dated January 13, 1995, determined the merits, rather than preliminary matters, and was therefore a final judgment, rather than an interlocutory judgment. LSA-C.C.P. Art. 1841.
Since the January 13, 1995 judgment was final, the second judgment, dated February 22, 1995, is only appropriate if the amendment sought is not one of substance. LSA-C.C.P. Art. 1951. The second judgment differs from the first judgment in several respects. It orders the Department to issue a "commercial driver's license," not an "operator's license," with the additional requirement of "compliance with all remaining criteria." (Apparently, this is a reference to the knowledge and skills tests required for a commercial driver's license.) It also adds a fact finding not contained in the original judgment. These are substantive changes.
Furthermore, the record is devoid of evidence concerning a commercial driver's license. The first time that phrase appears is in the second judgment. If Mr. Magill wished to modify the original judgment to include a decree relating to a commercial driver's license, he should have filed an application for new trial or appealed the January 13, 1995 judgment. Villaume, supra; Hebert, supra. He did neither. Accordingly, the January 13, 1995 judgment was final, and, after new trial delays expired, the trial court was without jurisdiction to amend the substance of the judgment.

CONCLUSION
For the foregoing reasons, we hold the judgment dated February 22, 1995 is an improper substantive amendment to the January 13, 1995 judgment. Accordingly, the February 22, 1995 judgment is vacated, and the January 13, 1995 judgment is reinstated. Costs of this appeal are assessed against appellee, Robert Douglas Magill.
AMENDED JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED.
NOTES
[1] Counsel for Mr. Magill produced this judgment for the trial judge's signature at the conclusion of trial.