693 So.2d 1229 (1997)
Betty STOFFER, Plaintiff-Appellee,
v.
Nicky Joe STOFFER, Defendant-Appellant.
No. 29458-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
*1230 Clyde Lain, II, Monroe, for Defendant-Appellant.
Vicki Kemp Cruse, Rayville, for Plaintiff-Appellee.
Before BROWN, WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
In this child support dispute, the defendant, Nickey Joe Stoffer, appeals a trial court judgment rendered in favor of the plaintiff, Betty Stoffer[1], amending a prior judgment of divorce. For the reasons expressed herein, we vacate the trial court's amended judgment and reinstate the original judgment rendered on December 1, 1986.

FACTS
In a November 21, 1985 judgment of separation, the defendant was ordered to pay child support of $100 each, per month, for his minor children, Lee Shondell Stoffer, born August 7, 1973, and Lenora Amanda Stoffer, born November 3, 1975. Following a hearing, a judgment of divorce was signed on December 1, 1986, which was silent as to child support. However, the trial court minutes of the hearing state that further orders concerning custody and support of the minors were made on that date, and a transcript of the proceeding shows that for Lenora, the court fixed child support in the amount of $125 per month, but for Lee, no amount was set because she was placed in Youth House of Ouachita, Inc.
On March 15, 1996, the plaintiff filed a motion to clarify the divorce judgment.[2] At that time, the children were twenty-three and twenty-five-years old. Since the December 1, 1986 divorce judgment did not mention child support, the plaintiff contended that the child support awarded in the judgment of separation was presumed to have resumed for Lee from the date of her release from Youth House, Inc.[3] until her eighteenth birthday. Plaintiff also contended that the support for Lenora was $125 per month until her eighteenth birthday, as stated in the transcript of the divorce hearing. She requested that the court address and clarify its intent concerning child support in the judgment of divorce, and specifically requested that the 1986 judgment be clarified to: (1) include a child support award in the amount $125 per month for Lenora; (2) state whether Lee's support was resumed when she was released from Youth House on June 12, 1987; and, (3) state whether the award of support for Lee was increased to $125 per month.
After hearing argument from both parties' counsel, the trial court granted the motion to clarify and ordered that the December 1, 1986 judgment be amended as follows:
[T]o add and provide a sum of $125 per month as child support owed for the youngest child from the date of October 16, 1987 [sic][4] and shall continue until such time as the oldest child is released from the care of the Youth House of Ouachita, Inc. Upon release of the oldest child from the youth house facility, the original child support order of $100 per month per child previously rendered in the Judgment of Separation shall be reinstated and shall be owed by the defendant to the plaintiff until *1231 the minor children reach the age of 18 years.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that except as amended herein, the Judgment of Divorce referenced above shall remain unchanged and this amendment shall be read in conjunction with the original Judgment of Divorce rendered.
(R. at 13.)

DISCUSSION
Child support awards are always subject to increase or modification if the needs of the child and/or the ability of the parent to pay justifies the modification. Culpepper v. Culpepper, 514 So.2d 701 (La.App. 2d Cir. 1987). However, the current dispute does not concern the modification of a prior award, but seeks clarification and amendment of a 1986 divorce judgment which was silent as to child support.
LSA-C.C.P. Art. 1951 states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
A trial court may amend a judgment where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). To alter the substance of a judgment, the proper recourse is a timely application for a new trial or a timely appeal. Hebert v. Hebert, 351 So.2d 1199 (La.1977). LSA-C.C.P. Art. 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention. Nor does LSA-C.C.P. Art. 1951 mandate the amendment of a final judgment to conform with the trial court's oral or written reasons for judgment where the amendment would make substantive changes to the original judgment. Villaume v. Villaume, supra; Hebert v. Hebert, supra; Magill v. State, Department of Public Safety and Corrections, 27,802 (La.App. 2d Cir. 1/24/96), 666 So.2d 1260; Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775 (La.App. 2d Cir.1991).
Every final judgment must be signed by the judge and must be identified by appropriate language in a document separate from an opinion or reasons for judgment. LSA-C.C.P. Arts. 1911 and 1918. The trial court's written judgment is controlling even if the trial judge may have intended otherwise. A substantive amendment to a judgment is an absolute nullity.
In the present case, it is clear that the amendment to the 1986 divorce judgment, which was silent as to child support, is a substantive amendment because it adds a provision to the 1986 judgment which was originally lacking. Although the amendment was in conformity with the trial court's original intentions, under the law, the judgment is controlling and not the trial court's intentions. Thus, the amendment to the 1986 judgment of divorce is an absolute nullity and is without effect.
Support awards to minor children do not cease upon the rendition of judgments of divorce. Lewis v. Lewis, 404 So.2d 1230 (La.1981). The parental obligation of child support does not terminate with the dissolution of the marriage, since the obligation arises, not from the marriage, but from paternity. A divorce judgment which is silent as to child support does not terminate a prior judgment awarding child support. Lewis v. Lewis, supra; Copper v. Copper, 93-1438 (La.App. 3rd Cir. 6/1/94), 640 So.2d 737; writ denied, 94-1785 (La.10/7/94), 645 So.2d 211. Since the 1986 divorce judgment was silent as to child support, the child support award made in the 1985 judgment of separation continued in effect until the children reached the age of majority.

CONCLUSION
Because the trial court was without authority to amend the 1986 divorce judgment to conform with its intent, the June 28, 1996 judgment granting the motion to clarify and amending the judgment of divorce is vacated and set aside at the plaintiff's costs. The December 1, 1986 judgment of divorce is reinstated.
*1232 AMENDED JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED.
NOTES
[1] Plaintiff has remarried and is now Betty Green.
[2] It should be noted that the plaintiff or the state of Louisiana had been awarded an arrearage judgment in the amount of $10,100 in May of 1993. According to statements of plaintiff's counsel at the hearing on the motion to clarify, the arrearages were based on the amount of child support awarded in the judgment of separation. There are no filings in this record regarding the arrearage judgment.
[3] The pleadings allege that Lee Stoffer was released from Youth House, Inc. on June 12, 1987.
[4] The trial court obviously meant October 16, 1986, the date the divorce hearing was held.