STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0439

ERNEST M. FORBES

VERSUS

VIRGINIA F. FIRMIN

*Judgment Rendered:*   DEC 3 0 2021

*JEW*

*Mut.*

\* \* \* \* \* \* \* \*

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Case No. 163588

The Honorable Brenda Bedsole Ricks, Judge Presiding

\* \* \* \* \* \* \* \*

Thomas M. Lockwood
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Virginia F. Firmin

Ernest M. Forbes, Jr.
Ocean Springs, Mississippi

Plaintiff/Appellee
In Proper Person

\* \* \* \* \* \* \* \*

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

*by Mut.*

*McClendon, J. concurs in the result reached by majority*

**THERIOT, J.**

Virginia F. Firmin ("Ms. Firmin") appeals a judgment rendered by the Twenty-First Judicial District Court in favor of appellee, Ernest M. Forbes, Jr. ("Mr. Forbes, Jr."). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Forbes, Jr. and Ms. Firmin are siblings. On September 4, 1962, their father, Ernest M. Forbes, Sr. ("Mr. Forbes, Sr."), purchased a tract of land (sometimes referred to as "the camp property") in Livingston Parish from Lee J. Paille and Eva Kemp Paille ("the Pailles"). The camp property is bounded on the north by the Tickfaw River, on the west by a residential lot, on the east by a residential lot, and on the south by a residential lot. There is no direct access to any public road from the camp property. In the sale from the Pailles to Mr. Forbes, Sr., the Pailles granted Mr. Forbes, Sr. a conventional predial servitude. The act of sale states, "VENDORS herein grant unto vendee herein, his heirs or assigns, the right to use private drive way over and across their land to vendee's lot above described." The survey attached to the act of sale, dated July 13, 1962, does not indicate the location of the above referenced private driveway. On May 27, 1986, Mr. Forbes, Jr. bought the camp property from Mr. Forbes, Sr. The camp property is river swampland, and the land is only dry during a very low tide. There is a walkway to a house on pilings, a boathouse, and a dock situated on the lot.

On November 18, 1967, Eva Kemp Paille sold the residential lot located south of the camp property to Clovis Clarke Ash, Sr. ("Mr. Ash"). Approximately, two years later, on August 5, 1969, Mr. Ash's widow, Ester M. Ash, on behalf of his estate, sold the property to Joseph B. Reynolds ("Mr. Reynolds"). On June 27, 1993, Ms. Firmin bought the lot from Mr. Reynolds.

There is a small strip of land owned by Eva Lee Paille between the camp property and Ms. Firmin's property.[1] The closest road to the camp property is Paille Lane. Paille Lane runs along the southern border of Ms. Firmin's property. Mr. Forbes, Jr. used the property now owned by Ms. Firmin to access the camp property for as long as he owned the camp property, and when his father owned the property. It is Mr. Forbes, Jr.'s understanding that the conventional predial servitude, granted by the Pailles to Mr. Forbes, Sr. in 1962, ran through the property now owned by Ms. Firmin. Mr. Forbes, Jr. and his guests would drive from Paille Lane, through Ms. Firmin's property, and park towards the north-northeast area of Ms. Firmin's property. Mr. Forbes, Jr. is unable to park on his own property, the camp property, since it is river swampland.

In 2018, Ms. Firmin put a mobile home on her property and a chain link fence around the perimeter of her property. The placement of the mobile home and fence prohibited Mr. Forbes, Jr. from accessing the camp property. He could no longer use Ms. Firmin's property as a driveway to his camp due to the fence, and he could no longer park on her property due to the location of the mobile home.

On June 20, 2019, Mr. Forbes, Jr. filed a "Petition to Establish Boundary and Injunction" against Ms. Firmin. He alleged that Ms. Firmin interfered with the conventional predial servitude granted to his ancestor-in-title, which prevented him from accessing the camp property. Mr. Forbes, Jr. sought: (1) a judgment recognizing the servitude as a conventional predial servitude, or in the alternative, a servitude of passage acquired by acquisitive prescription or by operation of law; (2) a judgment establishing the boundaries of the servitude area as a forty-foot area of land across Ms. Firmin's property; (3) a permanent injunction prohibiting Ms. Firmin from obstructing or interfering with the servitude, and ordering her to immediately remove the mobile home, chain fence, boat trailer, and any other

---

[1] Eva Lee Paille is the daughter of Lee J. Paille and Eva Kemp Paille.

3

object located on the servitude; and (4) a judgment in favor of Mr. Forbes, Jr. for all damages that are reasonable.

Following a bench trial, the trial court ruled in favor of Mr. Forbes, Jr. Judgment was rendered in open court on November 5, 2020 and signed in chambers on December 2, 2020. The trial court held that the right to use the driveway granted by the Pailles' to Mr. Forbes, Jr.'s ancestor-in-title is judicially recognized as a conventional predial servitude. The trial court further ordered that: (1) Ms. Firmin's property is designated as the servient estate of the servitude, and the camp property is designated as the dominant estate of the servitude; (2) as an encumbrance, the servitude affords all predial servitude rights unto Mr. Forbes, Jr., including ingress and egress, parking vehicles, and access to public utilities; (3) the servitude area is forty feet wide and runs the length of Ms. Firmin's property from north to south;[2] and (4) Ms. Firmin is required to remove her chain link fence that

---

[2] The judgment signed by the trial court on December 2, 2020 describes the servitude area as follows:

> Commencing at the southeast corner of the property of Ernest Forbes described herein above, run south, 0 degrees, 0 min., to the northern boundary line of the property of Virginia Firmin described herein above, which point on the northern boundary line of the Firmin property is the POINT OF BEGINNING of the servitude area. From that POINT OF BEGINNING, run in a westerly direction along the northern boundary line of the Firmin property for a distance of forty feet (40') to a point and corner; thence run south, 0 degrees, 0 min., to the northern border of Paille Lane to point and corner; then run in an easterly direction along the northern border of Paille Lane to a point that is directly south of the said Point of Beginning; thence from that point and corner on the northern border of Paille Lane, run north, 0 degrees, 0 min.[,] back to the POINT OF BEGINNING of the servitude area.

According to the judgment's description of the servitude, the servitude begins on the northern boundary of Ms. Firmin's property at a location directly south of the southeastern corner of Mr. Forbes, Jr.'s property. However, in the trial court's ruling in open court on November 5, 2020, the court stated that the servitude would be from "the eastern boundary of the Firmin property from Paille Lane to the very back where the parking originally was..." These are two different locations, with one beginning on the eastern boundary of Ms. Firmin's property and one beginning forty feet west of the eastern boundary of Ms. Firmin's property.

To the extent that it may vary from statements made by the trial court at the hearing, the written judgment controls. See *Hebert v. Hebert*, 351 So.2d 1199, 1200 (La. 1977) ("[T]he notion that the substance of the judge's oral remarks should govern instead of the substance of the written judgment ... would destroy the integrity of written judgments as evidence and public record of the court's decree."); *Slaughter v. Board of Supervisors of Southern University and Agricultural and Mechanical College*, 2010-1049 (La. App. 1st Cir. 8/2/11), 76 So.3d 438, 459, writ denied,

4

is located in the servitude area and any other objects located in the servitude area. The trial court also issued a permanent injunction prohibiting Ms. Firmin from interfering with Mr. Forbes, Jr.'s servitude area. Ms. Firmin timely filed a suspensive appeal.

## ASSIGNMENTS OF ERROR

Ms. Firmin asserts that (1) the trial court erred in finding that Mr. Forbes, Jr.'s land is an enclosed estate under Louisiana Civil Code article 689, effectively ignoring the right of passage over a private driveway expressly granted in the act of sale through which that land was acquired by Mr. Forbes, Jr.'s ancestor-in-title; (2) the trial court erred in allowing Mr. Forbes, Jr. to seek relocation of the right of passage fixed in the act of sale through which Mr. Forbes, Jr.'s land was acquired by his ancestor-in-title, which violated Louisiana Civil Code article 695; (3) the trial court erred in finding that an apparent servitude existed over Mr. Forbes, Jr.'s land such that could be acquired by acquisitive prescription; (4) the trial court erred in granting a servitude to Mr. Forbes, Jr. that included the right to park automobiles and trailers on Ms. Firmin's land; and (5) the trial court, having found that Mr. Forbes, Jr.'s land was an enclosed estate, erred in ignoring the availability of the private driveway adjacent to Mr. Forbes, Jr.'s land and in failing to apply the provisions of Louisiana Civil Code article 692.

## STANDARD OF REVIEW

A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State through Department of Transportation & Development*, 617 So.2d 880, 882 (La. 1993).

---

2011-2110 (La. 1/13/12), 77 So.3d 970 (recognizing that if there is any conflict between a written judgment and oral reasons for judgment, the language of the judgment controls).

Here, since the trial court's oral reasons for judgment differ from the written judgment, the written judgment controls. Therefore, under the judgment of the trial court, the servitude begins on the northern boundary of Ms. Firmin's property, forty feet from the northeast corner of the property. The servitude then runs forty feet west of that point and runs the length of Ms. Firmin's property from north to south within that forty-foot area.

However, where one or more legal errors interdict the fact-finding process, the manifest error standard no longer applies. *Campo v. Correa*, 2001-2707 (La. 6/21/02), 828 So.2d 502, 510. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. *Evans v. Lungrin*, 1997-0541, 1997-0577 (La. 2/6/98), 708 So.2d 731, 735. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo*. *Id*.

## DISCUSSION

A predial servitude was granted by the Pailles to Mr. Forbes, Jr.'s ancestor-in-title in the 1962 sale of the camp property. "A predial servitude is a charge on a servient estate for the benefit of a dominant estate. The two estates must belong to different owners." La. C.C. art. 646. "There must be a benefit to the dominant estate. The benefit need not exist at the time the servitude is created; a possible convenience or a future advantage suffices to support a servitude." La. C.C. art. 647. The servient estate owner's obligation is to abstain from doing something on the servient estate or to permit something to be done on it. The servient estate owner is not required to do anything. However, the servient estate owner may be required by convention or by law to keep his estate in suitable condition for the exercise of the servitude due to the dominant estate. La. C.C. art. 651.

"Predial servitudes may be natural, legal, and voluntary or conventional. Natural servitudes arise from the natural situation of estates; legal servitudes are imposed by law; and voluntary or conventional servitudes are established by juridical act, prescription, or destination of the owner." La. C.C. art. 654. "Predial servitudes may be established by an owner on his estate or acquired for its benefit."

6

La. C.C. art. 697. The use and extent of such servitudes are regulated by the title by which they are created, and, in the absence of such regulation, by the rules set forth in La. C.C. arts. 698 through 774. See La. C.C. art. 697. A right of passage is an example of a predial servitude. See La. C.C. art. 699. "The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, utilities, or vehicles are permitted to pass through the servient estate." La. C.C. art. 705. The extent of the right and the mode of its exercise shall be suitable for the kind of traffic or utility necessary for the reasonable use of the dominant estate, unless the title provides otherwise. *Id.* "The establishment of a predial servitude by title is an alienation of a part of the property to which the laws governing alienation of immovables apply." La. C.C. art. 708. "Predial servitudes are established by all acts by which immovables may be transferred." La. C.C. art. 722. "Doubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate." La. C.C. art. 730.

The servitude granted by the Pailles to Mr. Forbes, Jr.'s ancestor-in-title in the 1962 sale of the camp property is a predial servitude because it is a charge on a servient estate for the benefit of a dominant estate, and the two estates belong to different owners. See La. C.C. art. 646. Here, Ms. Firmin's property is the servient estate, and Mr. Forbes, Jr.'s property is the dominant estate. As the servient estate owner, Ms. Firmin has an obligation to keep her estate in suitable condition for the exercise of the servitude due to the dominant estate. See La. C.C. art. 651. Ms. Firmin failed to honor this obligation when she put a mobile home and a fence on her property, which restricted Mr. Forbes, Jr.'s ability to use the servitude area.

The servitude granted in the 1962 sale of the property is a conventional predial servitude because it was established by a juridical act, *i.e.* the act of sale. See La. C.C. art. 654. As a conventional predial servitude, the use and extent of the servitude is regulated by the title by which it was created, which is the act of sale

7

dated September 4, 1962. See La. C.C. art. 697. As stated above, the act of sale states, "VENDORS herein grant unto vendee herein, his heirs or assigns, the right to use private drive way over and across their land to vendee's lot above described." Mr. Forbes, Jr. and Ms. Firmin agree that the Pailles' granted Mr. Forbes, Jr.'s ancestor-in-title a servitude in the 1962 sale, but the location of the private driveway is in dispute. Ms. Firmin argued that the private driveway is located directly to the east of her lot over the twenty-foot right of way area used by some of the other river front property owners. Alternatively, Mr. Forbes, Jr. argued that the private driveway is a forty-foot area that runs through Ms. Firmin's property.

In her first assignment of error, Ms. Firmin contends that the trial court erred in finding that Mr. Forbes, Jr.'s land is an enclosed estate under Louisiana Civil Code article 689, effectively ignoring the right of passage over a private driveway expressly granted in the act of sale through which that land was acquired by Mr. Forbes, Jr.'s ancestor-in-title. However, this is a mischaracterization of the judgment of the trial court. The trial court did not find that Mr. Forbes, Jr.'s property was an enclosed estate, and it did not ignore the right of passage over a private driveway expressly granted in the 1962 act of sale.

An enclosed estate is an estate that has no access to a public road or utility. See La. C.C. art. 689. Here, the trial court recognized the conventional predial servitude was granted in the 1962 sale from the Pailles to Mr. Forbes, Jr.'s ancestor-in-title, which affords Mr. Forbes, Jr. access to a public road. The trial court did not grant an additional servitude to Mr. Forbes, Jr., as argued by Ms. Firmin. The court simply set the boundaries for the existing conventional predial servitude established by the 1962 sale. Thus, the trial court did not find that Mr. Forbes, Jr.'s land, the camp property, is an enclosed estate, and it did not ignore the

right of passage over a private driveway expressly granted in the 1962 act of sale. This assignment of error is without merit.

In her second assignment of error, Ms. Firmin contends that the trial court erred in allowing Mr. Forbes, Jr. to seek relocation of the right of passage fixed in the act of sale from the Pailles to Mr. Forbes, Sr. because, under Louisiana Civil Code article 695, the owner of an enclosed estate has no right to the relocation of the servitude after it is fixed. This contention is also a mischaracterization of the judgment of the trial court. The trial court did not relocate the right of passage established in the act of sale. Mr. Forbes, Jr. sought for the court to establish the boundaries of the conventional predial servitude that was granted in the 1962 act of sale, and, in its judgment, the trial court set the boundaries of that servitude. This assignment of error is without merit.

In her third assignment of error, Ms. Firmin contends that the trial court erred in finding that an apparent servitude existed over her land such that could be acquired by acquisitive prescription.[3] Louisiana Civil Code article 707 provides:

> Predial servitudes are either apparent or nonapparent. Apparent servitudes are those that are perceivable by exterior signs, works, or constructions; such as a roadway, a window in a common wall, or an aqueduct. Nonapparent servitudes are those that have no exterior sign of their existence; such as the prohibition of building on an estate or of building above a particular height.

Mr. Forbes, Jr. testified that there was a dirt driveway that ran through the servitude area. Since a dirt roadway is perceivable by exterior signs, works, or constructions, the servitude is classified as an apparent servitude. However, Ms. Firmin's contention that the trial court held that the conventional predial servitude was an apparent servitude that was acquired by acquisitive prescription is, again, a

---

[3] Louisiana Civil Code article 742 provides:

> The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.

mischaracterization of the judgment of the trial court. "Apparent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription." La. C.C. art. 740. The trial court held that the servitude was acquired by title, *i.e.* the 1962 act of sale from the Pailles to Mr. Forbes, Jr.'s ancestor-in-title. The trial court did not use the theory of acquisitive prescription to establish a new servitude over Ms. Firmin's property in favor of the camp property. The court considered how the parties have accessed the camp property since the 1960s to decide where to set the boundaries of the servitude. However, the trial court did not find that the servitude was acquired by Mr. Forbes, Jr. through acquisitive prescription. Therefore, this assignment of error is without merit.

In her fourth assignment of error, Ms. Firmin contends that the trial court erred in granting Mr. Forbes, Jr. the right to park automobiles and trailers within the servitude area. Under Louisiana Civil Code article 749, if the title is silent as to the extent and manner of use of the servitude, the intention of the parties is to be determined in the light of its purpose. Here, the act of sale provides Mr. Forbes, Jr.'s ancestor-in-title "the right to use private drive way over and across [the Pailles'] land to [Mr. Forbes, Jr.'s ancestor-in-title's] lot," but it is silent as to whether parking on the servitude area is permitted. The purpose of the servitude was to allow Mr. Forbes, Jr.'s ancestor-in-title to access the camp property by driving to the property. However, since the sale of the camp property in 1962, the property has been river swampland, so a vehicle is not able to drive on the property. Mr. Forbes, Jr. testified that his family has parked vehicles on the property now owned by Ms. Firmin since 1962 without being told to move them. Since there was no issue with Mr. Forbes, Jr. or his ancestor-in-title parking within the servitude area from 1962 until 2018 (when Ms. Firmin blocked the servitude area with a mobile home and fence), it is evident that the intention of the parties to

10

the 1962 act of sale was to allow for parking on the private driveway encompassed in the servitude area. Accordingly, this assignment of error is without merit.

In her fifth assignment of error, Ms. Firmin contends that the trial court erred in ignoring the availability of the private driveway adjacent to Ms. Firmin's land and, thus, failed to apply Louisiana Civil Code article 692.[4] However, Article 692 applies to legal predial servitudes, not conventional predial servitudes. Under Louisiana Civil Code article 697, the use and extent of conventional predial servitudes are regulated by the title by which they are created, and, in the absence of such regulation, by the rules set forth in Louisiana Civil Code articles 698 through 774. It would not have been proper for the trial court to consider the availability of the driveway adjacent to Ms. Firmin's land because the servitude is regulated by the title by which it was created. The 1962 act of sale states that the servitude is located on the private driveway, which is situated on Ms. Firmin's property. Again, the trial court did not establish a new servitude. The trial court merely established the boundaries of the servitude established in the 1962 sale from the Pailles to Mr. Forbes, Jr.'s ancestor-in-title, so it would not have been proper for the court to consider other routes that were available to access Paille Road. Thus, this assignment of error is without merit.

---

[4] Louisiana Civil Code article 692 provides:

> The owner of the enclosed estate may not demand the right of passage or the right-of-way for the utility anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road or utility at the location least injurious to the intervening lands. The location of the utility right-of-way shall coincide with the location of the servitude of passage unless an alternate location providing access to the nearest utility is least injurious to the servient estate and intervening lands. The court shall evaluate and determine that the location of the servitude of passage or utility shall not affect the safety of the operations or significantly interfere with the operations of the owner of the servient estate or intervening lands prior to the granting of the servitude of passage or utility.

## DECREE

The December 2, 2020 judgment of the Twenty-First Judicial District Court in favor of the appellee, Mr. Forbes, Jr., and against the appellant, Ms. Firmin, is affirmed. All costs of this appeal are assessed to Ms. Firmin.

**AFFIRMED.**