679 So.2d 515 (1996)
Henry P. PITARD, Plaintiff-Appellee,
v.
CLARENCE & STEVEN SCHMITTZEHE, Defendants-Appellants.
No. 28571-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
Henry P. Pitard, In Proper Person.
Blaine Adkins, Monroe, for Defendants-Appellants.
Before MARVIN, BROWN and WILLIAMS, JJ.
*516 MARVIN, Chief Judge.
In this dispute between three members of a partnership, the plaintiff, Pitard, and the Schmittzehes, father and son, who were joined with the partnership as the three defendants, the sole issue on appeal questions whether the trial court had authority to amend a final judgment in Pitard's favor, signed some ten months earlier, that was against only the father-defendant, "for one-third of the partnership." The amended judgment cast all three defendants and was also amended to be "for [the] value of one-third interest in [the] partnership."
The amended judgment was signed on Pitard's ex parte motion filed about nine months after expiration of the delays for seeking modification of the original judgment either by new trial or by appeal. La.C.C.P. arts. 4907, 5002. After being notified of the amended judgment by mail, the three defendants appealed, raising the posed question.
Answering the question in the negative because we find the belated changes to the original judgment to be substantive, we vacate the amended judgment and reinstate the original judgment. La.C.C.P. art. 1951; LaBove v. Theriot, 597 So.2d 1007 (La.1992); Gulfco Investment Group v. Jones, 577 So.2d 775 (La.App.2d Cir.1991).

FACTS
The partnership, S.C.H. Enterprises, was formed in 1985 by Steven Schmittzehe, Steven's father, Clarence Schmittzehe, and Henry Pitard. Pitard and Clarence Schmittzehe were then neighbors whose homes were separated by a residence that the partners desired to acquire and manage as rental property. By written agreement of the parties, and in order to obtain a favorable mortgage interest rate, title to the property was acquired in the name of Steven Schmittzehe rather than in the partnership's name. The partners agreed, however, to share equally in the partnership's assets, liabilities, profits and losses.
The partnership operated with a negative cash flow for several years, owing more in monthly bank notes, secured and unsecured, than it received in rental income. Each partner initially made cash contributions for one third of the shortfall, but Pitard's contributions ceased in the late 1980s, when Pitard and Clarence Schmittzehe disagreed over the need for and the cost of repairs to the property.
In 1991, Steven Schmittzehe transferred the property, and his one-third interest in the partnership, to his father. Pitard was not told of the transfer until some time later, notwithstanding a clause in the partnership agreement requiring any partner who desired to withdraw from the partnership to give "first consideration ... to the remaining owner(s)."
Pitard brought his action for recognition of his one-third interest in the partnership in the Monroe City Court in 1994, naming Steven and Clarence Schmittzehe and the partnership as defendants. The Schmittzehe defendants filed an answer and reconventional demand, asserting that Pitard had withdrawn from the partnership without paying all that he owed toward the cash deficit. Because Pitard and the Schmittzehes appeared in proper person before and during the trial, the record leaves much to be desired.
In oral reasons for judgment, and without attempting to calculate the partnership's net worth or to determine how its assets and debts should be divided, the trial court stated to Pitard:
... [t]hat Steven Schmittzehe is no longer a member of this partnership ... [T]he partnership is [allocated] 2/3 to ... Clarence Schmittzehe and 1/3 to you ... You owe Mr. Schmittzehe 1/3 for all those repairs you didn't participate in ...
BY MR. PITARD: If we add up all the assets and all the liabilities [whether] that comes out to be a positive or a negative then I owe ...
BY THE COURT: If it comes up to be a positive then you own 1/3 of the positive. If it comes out to be a negative you [owe] 1/3 of the negative.
The original judgment, signed on June 28, 1994, was rendered
"in favor of plaintiff, Henry P. Pitard, and against defendant [singular], Clarence *517 Schmittzehe, for one-third of the partnership[.]" (Our brackets and emphasis.)
Neither Pitard nor Clarence Schmittzehe sought a new trial or appealed this judgment.
Some ten months later, in April 1995, Pitard filed an ex parte motion, in the form of a letter to the successor of the original trial judge, seeking to have the original judgment amended. The letter generally states that Pitard's efforts to settle the matter with Clarence Schmittzehe were frustrated by Schmittzehe's contention that the original judgment lacked "clarification as to the name of the partnership [and] the partnership's asset." The letter asks that the judgment be amended to recognize Pitard's one-third interest in the rental property, the sole partnership asset, instead of simply recognizing Pitard's one-third interest in the partnership. Pitard states in the letter that the suggested amendment accurately reflects the "intention" of the original trial judge, with whom Pitard apparently spoke by phone shortly before seeking the modification.
The successor judge, obviously aware that the city court lacks jurisdiction over cases involving title to immovable property (La. C.C.P. art. 4847), signed an amended judgment on April 27, 1995,
in favor of plaintiff, Henry P. Pitard, and against defendants, Steven Schmittzehe, Clarence Schmittzehe and S.C.H. Enterprises Partnership, for value of one-third interest in partnership (S.C.H. Enterprises)[.] (Our emphasis.)
According to this record, the defendants were not notified of, or given an opportunity to respond to, Pitard's motion to amend the judgment. After being notified of the amended judgment, defendants filed this appeal to challenge its validity.

DISCUSSION
Defendants contend the naming of two additional parties against whom the final judgment in Pitard's favor was rendered, long after the new trial and appeal delays pertaining to the original final judgment had passed, constitutes a change in the substance, and not merely the phraseology, of the original judgment. Such a change, they argue, is prohibited by La.C.C.P. art. 1951, which we emphasize:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Substantive amendments may be made only by a timely motion for new trial, a timely appeal, or by consent of the parties. LaBove, supra; Gulfco, supra.
Pitard cites no contrary law. Even if we were to treat his motion to amend the judgment as a motion for new trial, the motion was neither contradictory nor timely. La. C.C.P. arts. 1971, 4907, 4908. Compare Boudreaux v. Production Management, Inc., 94-960 (La.App. 5th Cir. 11/15/95), 665 So.2d 497, writ granted and remanded, 95-3000 (La. 2/9/96), 667 So.2d 543.
Pitard's sole argument in support of the amended judgment is that the trial judge "intended" to name all three defendants in the original judgment, and that the amended judgment "restores the court's original intent."
When the substance of the trial court's written judgment differs from its oral or written reasons for judgment, the written judgment controls, notwithstanding that the reasons for judgment may arguably be construed as an indication of the court's true or actual intention. Hebert v. Hebert, 351 So.2d 1199 (La.1977); Gulfco, supra. Here, however, there is no substantive inconsistency between the trial court's oral reasons for judgment and the original judgment, both of which effectively recognized Pitard and Clarence Schmittzehe as the sole members of the partnership. Pitard's assertion in his brief that the amended judgment, rather than the original judgment, reflects the trial judge's "true intentions," is based entirely on "facts" that were not placed in the trial court record in reviewable form.

CONCLUSION AND DECREE
The silence of the original judgment as to Pitard's claims against Steven Schmittzehe *518 and S.C.H. Enterprises is legally deemed to be a rejection of those claims. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532 (La.1988); Johns v. American Isuzu Motors, Inc., 622 So.2d 1208 (La.App.2d Cir. 1993). The amended judgment, which purports to revive or to reinstate the claims against these defendants, without their consent and after expiration of the new trial and appeal delays, makes a substantive change in the original final judgment, in contravention of La.C.C.P. art. 1951. See and compare LaBove, supra; Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970); and Mitchell v. Zeringue, 497 So.2d 19 (La.App. 5th Cir.1986).
On this record, we must conclude that the amended judgment is invalid, notwithstanding the trial court's arguable intention to "do justice" and to spare the pro se litigants from further litigation. See and compare Flack v. Federal Crop Insurance Corp., 309 So.2d 760 (La.App. 3d Cir.1975).
We vacate the amended judgment and reinstate the original judgment. Costs of the appeal are assessed to Pitard.
AMENDED JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED.