795 So.2d 1228 (2001)
Sandra Rhoda AUFRICHTIG, Plaintiff-Appellant,
v.
PROGRESSIVE MENS CLUB OF LOUISIANA, INC., et al., Defendant-Appellee.
No. 35,031-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*1229 T. Taylor Townsend, Counsel for Appellant.
Francis M. Gowen, Jr., C.P. Brocato, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
The plaintiff, Sandra Rhoda Aufrichtig, filed a motion to correct the judgment after a trial court judgment in her favor failed to name one of the defendants. The motion was denied, and the plaintiff appealed. For the reasons set forth below, we affirm the trial court judgment.

FACTS
In October 1989, the plaintiff filed a tort suit against three defendants: (1) the Progressive Men's Club of Louisiana, Inc.; (2) the Shreveport Progressive Men's Club Inc.; and (3) the Louisiana Underwriters Insurance Company. In September 1994, a settlement was reached but not paid. The plaintiff filed a rule to show cause why the defendants should not pay the settlement and requested penalties and attorney fees. After a hearing in February 1995, the trial court rendered judgment in favor of the plaintiff. Examination of the written judgment signed by the trial court on April 3, 1995, reveals that its preamble listed the defendants as "Louisiana Underwriter's [sic] Insurance Company and the Progressive Men's Club of Louisiana, Inc., and [t]he Shreveport Men's Club." However, in every instance in which relief was granted in this judgment, it referred only to the Louisiana Underwriters Insurance Company and to Progressive Men's Club of Louisiana, Inc. No relief was granted to the plaintiff against the Shreveport Progressive Men's Club, Inc., although we note that the judgment was approved as to form and content by counsel for the plaintiff.
The plaintiff subsequently sought a writ of fieri facias to seize and attach property belonging to the Shreveport Progressive Men's Club, Inc. In January 1996, the Shreveport Progressive Men's Club, Inc. sought injunctive relief to prevent a sheriff's sale of the property. As a result, the trial court rendered judgment on January 30, 1996, granting injunctive relief in favor of the Shreveport Progressive Men's Club, Inc., and against the plaintiff.
On July 29, 1996, the plaintiff filed a pleading entitled "Motion to Correct Judgment and/or Motion to Set Aside Petition for Injunctive Relief." She asserted that the judgment signed on April 3, 1995, incorrectly showed the name of the defendant as being Progressive Men's Club of Louisiana, Inc. and the Shreveport Men's Club instead of Shreveport Progressive Men's Club, Inc. The plaintiff asserted that this error was inadvertent on the part of her counsel and was clerical in nature. Accordingly, she sought to amend the April 1995 judgment by striking out the words "Progressive Men's Club of Louisiana, Inc." and the words "The Shreveport Men's Club" and inserting in their place the words "Shreveport Progressive Men's Club, Inc." In opposition, the Shreveport Progressive Men's Club, Inc. argued that it was not cast in judgment and could not be added beyond the delay for applying for a new trial or an appeal. On October 23, 2000, the trial court rendered judgment denying the relief sought by the plaintiff, vacating the seizure, directing the clerk of court to cancel the inscription of the notice of seizure from the records of Caddo Parish, denying damages for seizure of the property, and awarding to the Shreveport Progressive Men's Club attorney fees incurred in seeking the injunctive relief. This appeal followed.

DISCUSSION
Under the provisions of La. C.C.P. art. 1951, a trial court may amend a final judgment *1230 at any time either to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. The question presented by this appeal is whether the amendment of the judgment herein to either add or substitute the Shreveport Progressive Men's Club, Inc. would be a substantive amendment. The plaintiff argues that the ruling of the trial court "defies logic and common sense, particularly in light of the fact that the defendant received proper notice and was represented by counsel at all stages of the proceeding." The plaintiff further argues that such a result "would seem inherently unfair" and contrary "to the spirit of La. C.C.P. art. 1951."
In Pitard v. Schmittzehe, 28,571 (La. App.2d Cir.8/21/96), 679 So.2d 515, a judgment was rendered against Clarence Schmittzehe only. Neither the plaintiff, Henry Pitard, nor Clarence Schmittzehe sought a new trial or appeal of the judgment. Some ten months later, Pitard sought to have the original judgment amended, and the court did amend the judgment to add two additional parties against whom the final judgment in Pitard's favor was rendered. Citing the provisions of La. C.C.P. art. 1951, we stated that substantive amendments may only be made by a timely motion for new trial, a timely appeal, or by consent of the parties. We further noted that even if we treated Pitard's motion to amend as a motion for new trial, the motion was neither contradictory nor timely. Pitard's sole argument in support of the second judgment was that it restored the trial court's original intent. In rejecting Pitard's argument, vacating the amended judgment, and reinstating the original judgment, we concluded:
The amended judgment, which purports to revive or to reinstate the claims against these defendants, without their consent and after expiration of the new trial and appeal delays, makes a substantive change in the original final judgment, in contravention of La. C.C.P. art. 1951.
Accordingly, we concluded that the amended judgment was invalid, "not-withstanding the trial court's arguable intention to `do justice' and to spare the pro se litigants from further litigation."
Similarly, in Stoffer v. Staffer, 29,458 (La.App.2d Cir.5/7/97), 693 So.2d 1229, we vacated an amended judgment that added child support to a divorce judgment which was silent as to child support. There we stated that the provisions of La. C.C.P. art. 1951 neither permit the trial court to substantively alter a final judgment, even if the amendment merely expresses the trial court's actual intention, nor mandate the amendment of a final judgment to conform with the trial court's oral or written reasons for judgment where the amendment would make substantive changes to the original judgment.
The corporations involved here appear to be two corporate entities, one purporting to be a state organization, while the name of the other indicates a local entity. This is not a matter where the defendant's name is slightly incorrect, but a situation where two corporations were sued and judgment was rendered against only one.
Thus, in the instant case, as in Pitard, supra, the amended judgment made a substantive change by adding a defendant not originally cast in judgment. Furthermore, the request to amend came long after both the new trial delays and appellate delays had expired with respect to the original judgment. Accordingly, we hold that the trial court had no authority to amend the original judgment, and that the trial court correctly denied the plaintiff's motion to correct the judgment.

*1231 CONCLUSION
The trial court judgment is affirmed at appellant's costs.
AFFIRMED.