I,STEWART, J.
At issue in this appeal is whether the trial court erred in amending two judgments rendered August 25, 1999, to include the dismissal of the medical malpractice claims of the plaintiffs, Pamela Posey and Michael Posey, against the defendant, Willis-Knighton Medical Center (hereinafter ‘WK”). For the reasons stated in this opinion, we vacate the trial court’s judgment in part and affirm in part.
FACTS
The Poseys’ medical malpractice claims against Dr. Ben B. Singletary, Dr. William L. Norwood, and WK arose from injuries sustained by Pamela Posey as a result of surgery performed by Dr. Singletary. The specific facts are set forth in Posey v. Singletary, 34,913 (La.App.2d Cir.9/28/01), *855 795 So.2d 1249, and will not be restated in this opinion.
The facts relevant to the matters at issue begin on July 14, 1999, when the Poseys filed a pleading styled “PETITION FOR AUTHORITY TO COMPROMISE CLAIM, FOR APPROVAL OF SETTLEMENT UNDER LA. R.S. 40:1299.44 AND TO SUPPLEMENT AND AMEND THE ORIGINAL AND FIRST SUPPLEMENTAL & AMENDING PETITION,” hereinafter referred to as “the petition” or “the Poseys’ petition.” The petition included the following representations:
3.
Petitioners have entered into an agreement with Ben Singletary, M.D., a Medical Corporation, a named defendant in these proceedings, and its insurer, Louisiana Medical Mutual Insurance Company (hereinafter referred to as “LAMMICO”), a domestic insurance corporation authorized and actually doing business in this state, under the terms of which they have agreed to accept the amount of ONE HUNDRED THOUSAND AN NO/lOO ($100,000) DOLLARS and costs in full and final compromise and settlement of 12any and all claims, rights of action or causes of action, whatsoever their nature, which PAMELA POSEY and MICHAEL PO-SEY have, or may in the future have, against BEN B. SINGLETARY, M.D., WILLIAM L. NORWOOD, M.D. and Willis Knighton Medical Center as result of the injuries sustained by Pamela Posey, all the while reserving plaintiffs’ rights to seek damages, in an amount in excess of the sum to be paid herein by Ben B. Singletary, M.D., from the Louisiana Patient’s Compensation Fund and dismissing William L. Norwood, M.D. and Willis Knighton Medical Center.
4.
Petitioners are of the opinion that it would be in their best interest to accept the aforementioned $100,000 as a full and complete settlement of their claim against the Defendants.
[[Image here]]
8
As was noted hereinabove, Petitioners, PAMELA POSEY and MICHAEL POSEY and Defendant, Ben B. Single-tary, M.D., and his insurer, have agree to compromise and settle the portion of the claim against them, which forms the basis of this lawsuit, for the amount of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS and costs.
[[Image here]]
12
In compromising their claim against Ben B. Singletary, M.D., it is necessary for said physician to remain as a nominal defendant in this matter. However, the aforementioned payment of the sum of.... ($100,000.00) DOLLARS by defendant precludes any further liability on his part or that of his insurer in this matter although according to law, he has admitted liability and causation for damages up to $100,000.00.
13.
Petitioners aver that judgment should be rendered herein recognizing that William Norwood, M.D. and Willis Knighton Medical Center have no further liability in this matter, all the while maintaining Ben B. Singletary, M.D., as a nominal defendant herein.
On August 25, 1999, the trial court signed an “ORDER APPROVING SET *856 TLEMENT, SUBSTITUTION OF PARTIES AND FOR TRIAL SETTING.” The order stated that the matter was heard in open court on | ¡¡August 24, 1999.[1] Parties present included the Poseys with their counsel, and counsel for Dr. Norwood and the Patient’s Compensation Fund (PCF). Dr. Singletary and his attorney waived their presence. The order also noted that WK and its attorney were not present. The order provided the following:
After reviewing the Petition for Compromise of Claims and discussing same with Petitioners:
IT IS HEREBY ORDERED that Petitioners, Pamela Posey and Michael Po-sey, be and are hereby authorized to compromise and settle Petitioners’ claim, with reservation of rights as set forth in the petition For Authority To Compromise Claim, For Approval of Settlement Under LSA-R.S. 40:1299.44, And To Supplement and Amend Original Petition.
IT IS FURTHER ORDERED that Defendant, Ben B. Singletary, M.D., shall remain a nominal party to this litigation, until such time as the Patient’s Compensation Fund is substituted as a defendant for it, or until this litigation is finally terminated, and that the Patient’s Compensation Fund be substituted as a party before this Court and that it receive such notices as are required by Statute;
IT IS FURTHER ORDERED that Petitioners, PAMELA POSEY and MICHAEL POSEY, be and are hereby authorized to execute any agreement in connection with said compromise and settlement.
Also on August 25, 1999, the trial court signed an order dismissing with prejudice the Poseys’ claims against Dr. Norwood. This order further provided that the “claims of PAMELA POSEY and MICHAEL POSEY against all other defendants are hereby reserved unto them.” Finally, the Poseys executed a release by which they accepted payment of $100,000 in full and final settlement of their claims and causes of action arising out of treatment rendered by Dr. Singletary.
1/Fhe matter proceeded to trial on the issue of damages to be paid by the PCF. A jury awarded Pamela Posey total damages of $116,160 and Michael Posey $500 for loss of consortium.[2] After the jury verdict was rendered, the Poseys attempted to schedule a status conference to set the case for trial against WK by way of a letter to the trial judge dated September 6, 2000. WK’s attorney responded in a letter to counsel for the Poseys dated September 11, 2000, in which he referenced the Poseys’ petition and stated his understanding that the matter had been settled and claims against WK dismissed.
When the Poseys filed a motion and order to appeal the jury verdict, they attempted to reserve the right to proceed to trial against WK on the basis that WK had never been dismissed as a party. The trial court granted the appeal in an order signed September 29, 2000, which included a statement that “claims and proceedings against Willis Knighton Medical Center are reserved by Plaintiffs.”
On February 8, 2002, the Poseys forwarded discovery requests to WK. The Poseys took the position that WK had not been dismissed as there was no order of dismissal. In response, WK filed excep *857 tions of lack of jurisdiction and no right of action, along with motions seeking dismissal, sanctions, and summary judgment. These were all denied in a judgment rendered June 19, 2002. In denying the motion to dismiss and the motion for summary judgment, the trial court found there to be genuine issues of fact as to the viability of the Poseys’ claims against WK.
| ^Thereafter, on July 19, 2002, WK filed a “Petition for Nullity of Amended Judgment and Motion to Amend Phraseology and Enforce Compromise Judgment, or in the Alternative, Exception of Res Judicata, Motion to Dismiss and For Sanctions.” In this pleading, WK alleged that the matter had already been compromised and a final judgment rendered entitling WK to a dismissal as provided in the Poseys’ petition which was approved by the trial court. WK asserted that it had waived its appearance at the hearing on the petition based on the numerous representations by the Poseys in the petition that WK would be dismissed as part of the settlement. WK also asserted that once the trial court approved the settlement, it was released as a defendant and the only issue remaining for trial was the amount of damages owed by the PCF. Moreover, WK argued that the dismissal of Dr. Norwood which also purported to reserve the Poseys’ rights against WK was an absolute nullity since it was an improper substantive amendment of the order approving the settlement.
In opposition to WK’s petition for nullity, the Poseys filed an answer in which they alleged that they withdrew, and are no longer bound by, the allegations regarding dismissal of WK made in the petition to compromise. The Poseys also asserted that WK knew it was not dismissed as early as October 1999, when they refused WK’s requests to sign or file a judgment dismissing WK.
In a judgment rendered September 16, 2002, the trial court, referring to Paragraph 13 of the Poseys’ petition, determined that WK should have been dismissed as a defendant. Accordingly, the trial court amended the |fitwo orders rendered on August 25, 1999, to reflect the dismissal of the Poseys’ claims against WK. The Poseys appeal this judgment.
DISCUSSION
La. C.C.P. art.1951 provides that a final judgment may be amended at any time to alter phraseology, but not the substance, or to correct errors of calculation. Aufrichtig v. Progressive Men’s Club of Louisiana, 35,031 (La.App.2d Cir.9/26/01), 795 So.2d 1228, 1230, writ denied, 2001-2862 (La.1/11/02), 807 So.2d 239. Under La. C.C.P. art.1951, the trial court cannot substantively amend a final judgment even to express the court’s actual intent or to conform the judgment to the court’s oral or written reasons for judgment. Stoffer v. Stoffer, 29,458 (La.App.2d Cir.5/7/97), 693 So.2d 1229. Any substantive amendment may only be made by a timely motion for a new trial, a timely appeal, or by consent of the parties. Pitard v. Schmittzehe, 28,571 (La.App.2d Cir.8/21/96), 679 So.2d 515. An improperly amended judgment containing substantive changes is an absolute nullity. Titlesite v. Webb, 36,437 (La.App.2d Cir.12/11/02), 833 So.2d 1061.
A final judgment is one that decides the merits of the case in whole or in part. La. C.C.P. art. 1841; Tolis v. Bd. of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206. Under the six circumstances enumerated in La. C.C.P. art. 1915(A), a final judgment may be rendered even though it does not grant the successful party all the relief prayed for or adjudicate all the issues in the case. La. C.C.P. art. 1915(A). Otherwise, unless designated as a final judgment based on an *858 express ^determination that there is no just reason for delay, an order or decision adjudicating fewer than all the claims, rights, or liabilities of fewer than all the parties shall not constitute a final judgment for immediate appeal, and any such order or decision may be revised at any time prior to rendition of the judgment adjudicating all the claims, rights, and liabilities of all the parties. La. C.C.P. art. 1915(B).
The trial court amended the two orders rendered August 25, 1999, to reflect the dismissal of the Poseys’ claims against WK. We must first determine the nature of these judgments in order to determine whether they were improperly amended.
Upon review of the order dismissing the Poseys’ claims against Dr. Nor-wood, we find it to be a final judgment under La. C.C.P. art. 1915(A)(1). A judgment which dismisses a suit as to less than all the parties, defendants, third party plaintiffs, third party defendants, or inter-venors is a final judgment. La. C.C.P. art. 1915(A)(1). Because the trial court’s order of August 25, 1999, dismissed the Poseys’ claims against Dr. Norwood, it is a final judgment which cannot be substantively amended other than by timely motion for new trial, timely appeal, or consent of the parties. The parties did not consent to this amendment; nor was there a timely motion for new trial or timely appeal. The trial court’s amendment of this judgment to include the dismissal of the Poseys’ malpractice claims against WK is an improper substantive amendment even though the amendment may express the trial court’s actual intention in light of the settlement it approved the same day. Accordingly, we find the amended judgment to be an absolute |snullity, and we vacate that part of the September 16, 2002 judgment which granted the amendment.
We next turn our attention to the order approving the settlement which the trial court also amended to reflect the dismissal of the Poseys’ claims against WK. The order approving the settlement authorized the Poseys to settle their claim with reservation of rights as set forth in the petition, authorized them to execute any agreement in connection the settlement, ordered Dr. Singletary to remain as a nominal defendant, and set a status conference date. Our initial impression is that this order is not a final judgment as it includes no explicit language determining the merits in whole or in part so as to be a final judgment. Although the order approves the settlement, it includes no dismissal of claims or specific finding of liability.
On the other hand, we must consider that the Poseys filed the petition to obtain the trial court’s approval of the settlement under the procedure set forth in La. R.S. 40:1299.44(0) of the Medical Malpractice Act (MMA), La. R.S. 40:1299.41 et seq. When a victim of medical malpractice agrees to settle his claim against a qualified health care provider for the policy limits of $100,000, and demands excess damages from the PCF, he must closely follow the procedure of La. R.S. 40:1299.44(0). Horil v. Scheinhorn, 95-0967 (La.11/27/95), 663 So.2d 697. This procedure requires the malpractice claimant to file a petition seeking approval of an agreed settlement and demanding excess damages from the PCF. La. R.S. 40:1299.44(0(1). In approving the settlement, the trial court shall consider |9the liability of the health care provider as admitted and established where his insurer has paid the policy limits of $100,000. La. R.S. 40:1299.44(0(5). An approved settlement precludes the PCF from contesting the health care provider’s liability. Stuka v. Fleming, 561 So.2d 1371 (La.1990), cert. *859 denied, 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990).
Under the statutory scheme of La. R.S. 40:1299.44(0), the malpractice claimant obtains the benefit of having liability established for purposes of obtaining excess damages, up to the statutory cap, from the PCF. Implicit in the trial court’s approval of the settlement was a statutory admission of liability on the part of Dr. Singletary. See La. R.S. 40:1299.44(0(5). As provided in La. C.C.P. art. 1915(B), in the absence of designation as a final judgment by the trial court after an express determination that there is no just reason for delay, any order or decision which adjudicates fewer than all the claims, rights, or liabilities of fewer than all the parties shall not terminate the action, shall not constitute a final judgment, and may be revised at any time prior to rendition of a judgment which adjudicates all the claims, rights, and liabilities of all the parties. To the extent that the trial court’s judgment approving the settlement resulted in a determination of Dr. Singletary’s liability, the judgment is a partial judgment subject to revision as provided by La. C.C.P. art. 1915(B).[3]
Having determined that the judgment approving the settlement is not a final judgment, we find it to be subject to revision by the trial court. We |10also conclude that the trial court’s amendment of that judgment to reflect dismissal of the Poseys’ claims against WK was proper. This amendment clearly reflects the intent and purpose of the agreed settlement as expressly represented by the Poseys in their petition. In their petition, the Po-seys’ represented that they “entered into an agreement with” Dr. Singletary. They represented the terms of the settlement as acceptance of $100,000 in
“full and final compromise and settlement of any and all claims, rights of action or causes of action, whatsoever their nature which (the Poseys) have, or may in the future have against BEN B. SINGLETARY, M.D., WILLIAM L. NORWOOD, M.D. and Willis Knighton Medical Center....”
They also represented that they were dismissing Dr. Norwood and WK, while maintaining Dr. Singletary as a nominal defendant and reserving the right to seek excess damages from the PCF. This was the settlement which the trial court authorized and approved. Nothing in the order suggests otherwise. The order signed by the trial court was substantially similar to the order attached to the petition filed by the Poseys, which we interpret as encompassing the trial court’s approval of the settlement in accordance with the terms and conditions thereof as set forth by the Po-seys in their petition.
Jurisprudence provides that in construing a judgment, the entire context must be considered. Where there is doubt or ambiguity, the pleadings, subject matter of the suit, reasons for judgment, and other matters of record are properly considered to arrive at an interpretation consistent with a proper decree on the law and the facts. State, Dept. of Trans, and Dev. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1st Cir.1985), writ denied, 478 So.2d 909 (La.1985), citing American Bank & Trust Co. v. Blue Bird Restaurant & Lounge, 294 So.2d 302 (La.App. 1st Cir. 1974), writ denied, 296 So.2d 840 (La.1974). The judgment approving the settlement, considered in light of the Poseys’ representations in the petition, can be interpreted in no other way than as authoriz *860 ing the settlement in accordance with the terms set forth in the petition. This includes the Poseys’ dismissal of their claims against WK in addition to dismissal of their claims against Dr. Norwood. Accordingly, amendment of the judgment approving the settlement to specify dismissal of the Poseys’ claims against WK was proper as it comports with the terms of the approved settlement.
In addition, we find no conflict between the amendment of the judgment approving the settlement to dismiss the claims against WK and the reservation of rights against “all other defendants” in the judgment of August 25, 1999, dismissing the claims against Dr. Norwood. Although the judgment dismissing the claims against Dr. Norwood purported to reserve the Po-seys’ claims against other defendants, the judgment does not specifically reserve claims against WK. Moreover, this judgment was signed on the same day that the trial court signed the judgment approving the settlement. Properly construing these two judgments requires that they be considered together in light of the Poseys’ representations in their petition.
The Poseys’ petition clearly sets forth the terms of an agreed settlement as including dismissal of their claims against WK and Dr. Norwood as part of the settlement with Dr. Singletary. The trial court | ^authorized the settlement with reservation of rights as set forth in the petition. The Poseys reserved rights only as to the PCF in the petition and maintained Dr. Singletary as a nominal defendant for purposes of enforcing those rights at trial on the issue of damages. In light of the Poseys’ representations in their petition regarding the terms of their settlement agreement with Dr. Singletary and the trial court’s approval of the Poseys’ settlement, the reservation of rights “against all other defendants” in the judgment dismissing Dr. Norwood must include only those defendants who were not to be dismissed as part of the settlement, namely Dr. Singletary, who was to remain as a nominal defendant.
For these reasons, we find no error in that portion of the trial court’s judgment of September 16, 2002, amending the judgment approving settlement to reflect the dismissal of the Poseys’ claims against WK. This amendment reflects the terms of the settlement as set forth in the Poseys’ petition and approved by the trial court. Moreover, this amendment is not in conflict with the judgment dismissing Dr. Norwood, since that judgment made no specific reservation of rights as to WK.
CONCLUSION
For the preceding reasons, we vacate that portion of the trial court’s judgment of September 16, 2002, which amended the judgment of August 25, 1999, dismissing the Poseys’ claims against Dr. Norwood. However, we affirm that portion of the judgment of September 16, 2002, which amended the judgment of August 25, 1999, approving the Poseys’ settlement, to reflect dismissal of the Poseys’ claims against WK. The claims of the 113plaintiffs/appellants, Pamela Posey and Michael Posey, against Willis Knighton Medical Center are hereby dismissed with prejudice. Costs are assessed to plaintiffs/appellants.
VACATED IN PART AND AFFIRMED IN PART.

. The minutes indicate that the matter was actually heard on August 23, 1999. There is no transcript of the hearing.

. In Posey v. Singletary, supra, this court increased the damages awarded by the jury.

. This is not a final judgment under La. C.C.P. art. 1915(A)(5) because the issue of liabilily has not been tried by the court or before a jury.