991 So.2d 1135 (2008)
Bobbie Jean PATIN
v.
LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD.
No. 2007 CA 2394.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
*1136 John L. Hammons, Cornell Flournoy, Shreveport, Louisiana, for Plaintiff/Appellant, Bobbie Jean Patin.
Carlton Jones, III, David A. Woolridge, Jr., Baton Rouge, Louisiana, for Defendant/Appellee, Louisiana Patient's Compensation Fund Oversight Board.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
In this suit, the plaintiff appeals a trial court judgment sustaining the defendant's exception of no cause of action. We affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Bobbie Jean Patin, filed a medical malpractice claim against her physician, Dr. Robert L. Elliott, Jr., alleging that he committed malpractice by failing to diagnose her breast cancer timely, which caused her to undergo far more extensive, painful, and dangerous therapy modalities than would have been required if the cancer had been detected timely. After a medical review panel concluded that Dr. Elliot did commit malpractice, Patin filed suit against him in the 19th Judicial District Court. Patin settled with Dr. Elliot and his insurer for $100,000.00 with a full reservation of rights against the Patient's Compensation Fund ("PCF").
After settling with Dr. Elliot, Patin entered into settlement negotiations with the PCF. The parties were unable to reach a settlement agreement, and the matter proceeded to trial before a jury on August 16-18, 2004. The jury rendered a verdict in favor of Patin in the amount of $464,389.00, plus legal interest from the date of filing of the original claim. The PCF's appeal of this judgment was unsuccessful, and it ultimately paid Patin $676,150.38.
Patin then filed a separate suit against the Patient's Compensation Fund Oversight Board ("the board") on October 25, 2006, alleging that the actions of the board, its adjusters, and its attorney in "failing and refusing to fairly and promptly compensate her for damages that she suffered as a result of the admitted medical malpractice of Dr. Elliot constitutes a violation of the obligation of good faith statutorily imposed upon the Board and constitutes the intentional infliction of mental anguish and distress." The board filed an exception of no cause of action asserting that it is entitled, and in fact required, by the Louisiana Medical Malpractice Act to defend itself in litigation. In support of this assertion, the board cited La. R.S. 40:1299.44(D)(2)(a), which provides that the board "shall be responsible, and have full authority under law, for the management, *1137 administration, operation and defense of the fund." The board asserted that if claimants were given a cause of action against the board for defending the fund, rejecting what it believes to be an insufficient settlement offer, taking its chances in court, and appealing what it believes be an incorrect decision, it would prevent the board from carrying out the mandate of La. R.S. 40:1299.44(D)(2)(a). Furthermore, they alleged that any damages Patin allegedly suffered due to litigation delays were satisfied by the payment of legal interest as provided in La. C.C. art.2000.[1]
After a hearing on May 29, 2007, the trial court sustained the board's exception of no cause of action and dismissed Patin's claims with prejudice. Patin appealed devolutively from this judgment, asserting that the trial court erred in sustaining the exception of no cause of action.

DISCUSSION
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The exception is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection; the exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should review the case de novo because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. La. C.C.P. art. 931; Fink v. Bryant, 01-0987 pp. 3-4 (La.11/28/01), 801 So.2d 346, 348-49.
Louisiana Revised Statutes 40:1299.44(C) sets forth the procedures to be followed when the health care provider's insurer has settled its liability with a claimant and the claimant is seeking an amount in excess thereof from the PCF. Subsection 1299.44(C) provides that the board "may agree to a settlement with the claimant." La. R.S. 40:1299.44(C)(3). (Emphasis added). If there is no agreement as to the amount, if any, to be paid out of the PCF, La. R.S. 40:1299.44(C)(5)(a) states that:
[T]he trier of fact shall determine at a subsequent trial which shall take place only after the board shall have been given an adequate opportunity to conduct discovery, identify and retain expert witnesses, and prepare a defense, the amount of claimant's damages, if any, in excess of the amount already paid by the insurer of the health care provider or self-insured health care provider. The trier of fact shall determine the amount for which the fund is liable and render a finding and judgment accordingly. The board shall have a right to request trial by jury whether or not a jury trial has been requested by the claimant or by any health care provider.
Any judgment rendered by the trial court fixing damages against the PCF is appealable, *1138 just as in any other civil case. La. R.S. 40:1299.44(C)(6).
Patin argues that the board violated its duty to negotiate in good faith by failing to reach a settlement agreement with her. Her petition alleges that she made several settlement offers to the PCF, which were rejected, and that the PCF made several counteroffers to her, which she in turn rejected. After a time, the PCF made a final offer, and when she rejected that settlement offer, the PCF did not make another offer. We note that although La. R.S. 40:1299.44(C)(7) imposes upon the insurer of the health care provider, or upon the self-insured health care provider himself, a duty to exercise good faith and reasonable care in evaluating the claim and considering and acting upon settlement of the claim, no such duty is specifically imposed upon the board in the statute. Thus, we conclude that the plaintiff has no claim against the board for failing to comply with a duty it did not statutorily owe.
Furthermore, it is clear from a reading of the Medical Malpractice Act that the intention of the act was for the board to be involved in the defense of claims against the fund. The statute creating the board charges the board with the defense of the fund, and specifically provides procedures for the board to defend the fund against a claim at trial. Thus, the plaintiff can have no cause of action against the board for its actions in defending the fund against a claim.
Finally, we agree with the board that even if Patin suffered any injuries from the delay in receiving her money for her damages, these damages were recovered in the form of legal interest, and in accordance with La. C.C. art.2000, she can recover no more for the delay in receiving her money.

DECREE
Since we find that Patin's petition fails to state a cause of action, the judgment of the trial court sustaining the board's exception of no cause of action and dismissing her suit with prejudice is affirmed. Costs of this appeal are assessed to plaintiff, Bobbie Jean Patin.
AFFIRMED.
McCLENDON, J., concurs.
NOTES
[1] Louisiana Civil Code article 2000 provides in pertinent part:

When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more.